R. G. PHILLIPS ET AL. v. J. B. WATKINS LAND MORTGAGE COMPANY ET AL.

Decided November 23, 1896.

Foreclosure—Probate or District Court—Abandonment of Title.

Where the interest of deceased in real property had been sold during his life time, under the power of sale in a deed of trust and subject to another mortgage against the same property, the holder of such other mortgage, though administration on the estate of deceased was still pending in the Probate Court, could proceed in the District Court to foreclose his mortgage against the purchaser at the trustee's sale, making the administrator and heirs in possession parties defendant. And such purchaser could not, by a mere waiver or abandonment of his claim of title, not amounting to a reconveyance, compel the holder of the mortgage to resort to the Probate Court to prove his claim and foreclose. Nor would such foreclosure be defeated or his lien lost by failure to prove up his claim and lien against the estate within one year from the appointment of the administrator. (Pp. 200 to 203.)

ERROR to Court of Civil Appeals, Fifth District, in an appeal from Ellis County.

The suit was by the J. B. Watkins Mortgage Co. for foreclosure of the lien of a deed of trust given by B. F. Blasingame upon 190 acres of land in Ellis County. The facts, as settled by the findings of the Court of Civil Appeals, may be condensed as follows: Blasingame executed his bond (the instrument sued on) for $2000—secured by deed of trust, Watkins trustee—to Dickinson, who afterwards transferred it to the Watkins Land and Mortgage Company, the property mortgaged being 153¼ acres out of the Sloan survey and 36¾ acres out of the Adams. On the same day Blasingame made a note for $294.30, to Watkins, secured by deed of trust on the same land, with Dart as trustee. Afterwards, and during Blasingame's lifetime, Dart, the trustee, under the power of sale contained in the second deed, and to satisfy the note to Watkins for $294.30, which had fallen due, sold the land to Phillips.

At the time the deeds of trust were executed Blasingame was a widower with minor children, and was occupying a portion of this land, together with some adjoining tracts, as his homestead. Subsequently

Blassingame married again, and thereafter died, leaving surviving him a widow, and two minor children of the first marriage. A. J. Loyd was made administrator of his estate, and, in the Probate Court, homestead was set apart to the widow and minor children, which included 60 acres of the mortgaged land. This administration was still pending during the subsequent proceedings.

Among the claims proven against Blassingame's estate in the Probate Court was one in favor of the First National Bank of Waxahachie for $3829.86, as a fourth class claim. Dickinson also proved up the bond for $2000 and interest against Blassingame's estate, and it was classed as a third class claim, secured by mortgage lien on the property in question; but incorrectly so classed, since it was not presented or approved until more than a year after administration was taken out. A sale of the mortgaged property was made by the administrator, by order of the Probate Court, but was disapproved by the court, the property having brought little by reason of the title of the estate being in question. The administrator then, by direction of the Probate Court, brought suit in the District Court (No. 3522) against Dickinson and the Mortgage Company, to cancel the deed of trust and remove cloud from the title. The First National Bank of Waxahachie, in its right as holder of an approved claim against the estate, also brought suit in the District Court (No. 3523), bringing up by certiorari from the County Court the proceedings relating to the allowance and classification of the Mortgage Company's claim, setting up the facts and seeking to have it re-classified as a fifth class claim, because not proven up within one year from the grant of administration. The J. B. Watkins Land Mortgage Co. then brought, in the District Court, the present suit (No. 3544) against Phillips, the purchaser of the land at the trustee's sale, to foreclose its mortgage on the land described in its trust deed, making the widow and heirs of Blassingame parties defendant, as claimants and possessors under an adverse title. In this suit the administrator of Blassingame's estate intervened, asking a re-classification of the mortgage claim, and that it be adjudged no lien against the land. The First National Bank of Waxahachie also intervened, setting up the facts and asking that the claim of the Mortgage Company be re-classified as a fifth class claim.

Phillips, who had bought at the trustee's sale subject to the Watkins Co.'s mortgage, abandoned his claim to the land; and of this fact the Mortgage Company had notice before its claim was proven up in the Probate Court and within the year following the appointment of an administrator on Blassingame's estate. About the time of the filing in the District Court of the suits Nos. 3522 and 3523, by the administrator and the bank, Phillips executed an instrument reciting that the administrator had been ordered to bring suit to recover the land and that, to avoid costs and expenses of suit: "I hereby fully and completely disclaim any ownership or title to said land, and if the title or shadow thereof was in me by reason of the deed made by trustee at Dallas (I am

informed that it was not good and legal), and I do not claim any title or ownership by reason of said deed, and will so plead if sued, or if called upon will acknowledge this instrument, or do anything necessary to carry out this disclaimer legally, but at no cost to me." Phillips had never been in possession of any part of the land.

The suit of the administrator, No. 3522, and that of the bank, No. 3523, were both consolidated with that of the Watkins Mortgage Co.; No. 3544, and, on trial of the consolidated case, the claim of the Mortgage Company was reclassified as a fifth class claim and a foreclosure denied. The trial was by the court, with a special finding of the facts as above summarized, which findings were not controverted on appeal. From this judgment the J. B. Watkins Land Mortgage Co. prosecuted an appeal to the Court of Civil Appeals.

*W. L. Williams,* for appellant.—Suits should not be consolidated unless they are both brought by the same plaintiff against the same defendant or defendants for causes of action that can be joined, or where several suits are pending in the same court by the same plaintiff against several defendants which may be joined. Sayles' Stats., art. 1450; 58 Am. Dec., 508, note.

The court erred in permitting the case of the National Bank v. Dickenson, numbered 2523, to be consolidated with this suit, over plaintiff's objection, for the reason stated above, and the further reason that the court was without jurisdiction in said cause further than to reclassify said claim or deny the relief asked, and certify his ruling to the County Court for observance. The District Court, in a cause brought to it by certiorari, can only make such order or decree as the County Court might have made in probate matters, and return his judgment to the County Court for observance. Sayles' Stats., art. 297.

The court erred in refusing plaintiff's motion to strike out the pleas of intervention of said Loyd, administrator, and of said National Bank, because the interveners show no interest in plaintiff's cause of action. The intervener's interest must be such that if the original had never been commenced, and he had brought it as the sole plaintiff he would have been entitled to recover in his own name to the extent at least to a part of the relief sought, or if the action had first been brought against him as a defendant he would have been able to defend the recovery, in part at least. 51 Texas, 424; 71 Texas, 729; 52 Texas, 633; 81 Texas, 294; 49 Texas, 147; Wiltsey on Mortgage Foreclosures, sec. 418.

The court erred in his conclusions of law based on his finding of fact to the effect that he had no power to pass upon plaintiff's cause of action, because plaintiff's cause of action was a suit to foreclose a mortgage lien. The debt secured by land mortgage had been duly established, and thereby became a judgment in the Probate Court of Ellis County, Texas, against the estate of the maker thereof. The defendant Phillips had become the owner of the mortgaged land during the lifetime of the mort-

gagor, and was still the owner of such lands at the time such suit was brought. Plaintiff did not seek any judgment against said estate nor any money judgment against defendant Phillips, or other defendant. 1st. The power of the court. Constitution 1876, art. 5, sec. 8; Sayles' Ann. Const., 539; Sayles' Stats., art. 1122; 59 Texas, 286; 25 Texas Supp., 158; 19 Texas, 499; 35 Texas, 597, 598; 54 Texas, 503; 82 Texas, 345; 73 Texas, 196. Powers of a Court of Equity at Common Law: Story's Eq. Pl., sec. 197; N. Y. Chan. Rep., book 3, 1013, con-densed edition; Wiltsey on Mortgage Foreclosures, sec. 118; Story's Eq Pl. (9th ed.), sec. 196; 21 Wall., 634; Foster's Federal Practice, vol. 1,. secs. 51 to 60. Disclaimers cannot divest title: "Statute of Frauds." After acquired title: 76 Am. Dec., 449; 46 Am. Dec., 462. Disclaimer: 10 Texas, 235; 81 Texas, 275.

"The court erred in refusing plaintiff the relief sought and by rendering judgment against it for cost because plaintiff had shown a valid sub-sisting mortgage against the land described in its petition for the amount of two thousand dollars and interest. That the said indebtedness had been duly established and passed into a quasi judgment against the estate of the debtor, and the maker of the mortgage, by the Probate Court. of Ellis County, and had shown that defendant Phillips was the owner of said mortgaged premises and that he had acquired said title in the lifetime of the said mortgages, and interveners failed to show any right. or title to said land or any reason why plaintiff should not have a fore-closure of his said mortgage as against defendant Phillips and the other defendants."

*F. P. Powell* and *A. A. Kemble*, for appellees.—The consolidation of suits is a matter of discretion with the trial court, and a superior court will not revise unless great injury is shown, and in this case the court's. action was not only proper, but no injury was done appellant. The bank was a creditor of B. F. Blasingame estate with a quasi lien on the same property and was attacking directly appellant's claim and mortgage lien, and was clearly a proper, if not necessary party to cause No. 3544,. or any proceeding in any court where appellant undertook the foreclos-ure of his lien.

The right of the parties to intervene is clearly shown from 51 Texas,. 424, and 52 Texas, 633, cited by appellant. Had appellant been left. alone in his suit No. 3544 to foreclose, the decree would have directed the sheriff to put purchaser in possession, thereby dispossessing Loyd of the property and by reason of the record deed of Phillips the pur-chaser would be a bona fide one and hold title as against said estate; and the same as to the bank's lien, it being in the nature of an equitable lien and not upon record, the purchaser would have held as "bona fide." There never was a case in which the right to intervene was more appar-ent and necessary.

Blasingame's estate owning the land, appellant was compelled to go·

into the County Court where administration was pending to foreclose his mortgage lien.

Dickinson (appellant) having gone into the County Probate Court and obtained a judgment there, establishing its debt and lien, such court has obtained the jurisdiction superior to the District Court and the court correctly dismissed appellant's suit No. 3344.

Phillips was not the owner of the land in question and did not even claim it, therefore appellant cannot suspend by force the title in Phillips to enable him to foreclose his mortgage, and thus defeat appellee's legal and equitable rights.  Dikes v. Miller, 24 Texas, 424; Tiebout v. Millican, 61 Texas, 517;  Boone on Mortgages, sec. 181.

On the death of Blassingame his creditors or any of them by their own action or through his administrator had a right to defeat, if they could, the appellant's mortgage.

Dickinson's debt lost its priority by the neglect to probate in one year. Rev. Stats., arts. 290, 2015, 2024-6, 2037-9, 2046-7;  Buchanan v. Wagnon, 62 Texas, 377;  Porter v. Sweaney, 61 Texas, 214.

The Court of Civil Appeals, after stating fully the facts which have been above condensed, pronounced the following opinion:

LIGHTFOOT, CHIEF JUSTICE.—Appellant's first assignment of error is as follows:  "The court erred in its order consolidating with this cause No. 3522, styled A. J. Loyd, administrator, v. Henry Dickenson et al., and in overruling plaintiff's objection thereto.  1st.  Because no two of these suits were brought by the same plaintiff against the same defendants.  2d.  Because no two of these suits were brought by the same plaintiff against several defendants.  3d.  Because the two suits are for distinct and separate purposes, and cannot be joined.  The plaintiff's cause of action is foreclosure against R. G. Phillips, and the cause of action in No. 3522 is to remove cloud from title."

The suit of the administrator to remove the clouds from the title to the property by reason of the mortgage was not improperly consolidated with the suit of appellant to foreclose the mortgage.

It is true that appellant sought to foreclose its mortgage against Phillips and the heirs of Blasingame, but, at the same time, the land had been inventoried by the administrator as assets of the Blasingame estate, and if it was, in fact, the property of the estate, the mortgage of appellant could not be foreclosed against it in an independent suit in the District Court, but the County Court would have jurisdiction of the matter.

If, on the contrary, the estate did not own the property, but it was owned by R. G. Phillips, then appellant could foreclose its mortgage upon it, and the administrator would fail in his suit to remove cloud from the title.

2.  In the second and third assignments of error, appellant complains

that the court allowed the certiorari proceeding, instituted by the First National Bank of Waxahachie against Henry Dickenson, by which it was sought to reclassify the claims of appellant against the estate of Blasingame, to be consolidated with this suit to foreclose his mortgage, and also allowed said bank to intervene in said cause.

The bank, as a fourth class creditor of the Blasingame estate, had a right to contest the classification of appellant's claim in the County Court, and to revise such classification by certiorari, if improperly made. But the suit of appellant, by which it sought to foreclose its mortgage against R. G. Phillips, is a wholly different proceeding, with which the bank has no concern.

If the land in controversy should, upon a fair trial on the merits, be found to be the property of the estate of Blasingame at the time of the death of said decedent, then appellant, as well as the bank and all other creditors of that estate, must proceed in the County Court to probate their debts in due order, and all claims against such estate must be paid off out of its assets in the order in which they are classified.

But, if it should be found that the title was in R. G. Phillips at the time of Blasingame's death, the Mortgage Company could foreclose its mortgage against him and would not be compelled to seek a foreclosure in the County Court. The debt being against the estate of Blasingame, the company had a right to present its claim in the County Court for probate against the estate in order to get its pro rata of payment out of the general assets of such estate, if any, and, its claim being established, it could also pursue its lien against Phillips in another forum, and foreclose its mortgage against him if the title to the land should be in him. The bank has no concern with the claim of appellant, except in so far as it attempts to reach assets of the estate of Blasingame. Nothing of the kind is sought in this case. On the contrary, if the land is found to belong to the estate of Blasingame, appellant fails in its suit. The second and third assignments of error, in so far as they affect the bank, or others seeking to re-classify the claim of appellant, are well taken.

3. The fourth and fifth assignments will be considered together. They complain at the refusal of the court to render judgment in favor of appellant foreclosing its mortgage as prayed for. If the conclusions of fact found by the court below are correct (and they are not controverted), the second mortgage on the land was foreclosed during the lifetime of Blasingame, and his equity of redemption extinguished; the land was bought by R. G. Phillips, who paid the purchase money and the trustee executed to him a deed. We must presume from the findings of the court that the sale was regularly and legally made, and that title to the property became vested in Phillips, subject to the first mortgage. The title being so vested at the time of Blasingame's death, appellant cannot be forced into the Probate Court to foreclose its mortgage against that estate, but, having gone there and established its debt, it can foreclose its mortgage in the District Court against R. G. Phillips.

It is contended by appellees that Phillips having filed a disclaimer, it operates as an abandonment of the title, and that the administrator of Blasingame being in possession, the title becomes vested in the estate. The rights of third parties cannot be divested by such abandonment. It is true, that appellant having proved up its claim against the estate of Blasingame more than twelve months after the letters of administration were granted, such claim would be properly classed as a fifth class claim, and cannot be satisfied out of any assets of that estate until after all claims of the first, second, third and fourth class are satisfied. Rev. Stats. art. 2015; Buchanan v. Wagnon, 62 Texas, 375; Jenkins v. Cain, 72 Texas, 91. But the probate of such claim against the estate does not prevent appellant from enforcing its mortgage lien against the lands, if the equity of redemption had passed out of Blasingame before his death and became vested in Phillips.

Can the rights of appellant to foreclose its mortgage against the property in the hands of Phillips be taken away by his disclaimer or abandonment of the title? In the leading case, in this State, upon the subject of abandonment, it was said by Judge Wheeler: "Legal rights, when once vested, must be divested according to law, but equitable rights may be abandoned. Picket v. Dowdall, 2 Wash. (Va.) 106. Yet, if a person having the disposing power absolutely, does an act, sufficient in itself legally to divest his title, with the express intention of relinquishing and abandoning the property, it is not easy to perceive why he may not do so. Abandonment is the relinquishment of a right—the giving up of something to which one is entitled. If the owner sees proper to abandon his property, and evidences his intention by an act legally sufficient to vest or divest the ownership, why may he not do so in the case of land, as well as of a chattel........

"It would seem, that there is nothing in principle, to prevent the owner from abandoning his right of property in land, provided the intention to do so be evidenced by an act or deed legally sufficient to operate a divestiture of his title." Dikes v. Miller, 24 Texas, 424-425; 25 Texas Sup., 281.

In referring to that case, our present learned Chief Justice of the Supreme Court said: "It would seem therefore, the question of the relinquishment of his title to land by a settler, under the colonization laws as they existed at the date of the transaction now under consideration, is very different from that of an abandonment of title by one holding under a patent from the State. This latter question was discussed in Dikes v. Miller, 24 Texas, 417, but was not decided. Yet the opinion in that case shows that the court were strongly inclined to hold that, although there was no officer in the State empowered to accept a deed of relinquishment, yet when such a deed was executed by a land owner and deposited in the general land office, it would be deemed a divestiture of title of the land so relinquished so far as he was concerned.

"The court then was treating of a title absolutely perfect in the grant-

ee, and applying it to the principles of a system of jurisprudence, which requires that conveyances of land shall be in writing.

"The doctrine that title may be divested by abandonment has been recognized by the courts of other states.    It is, however, doubtful whether the point has ever been directly involved in any authoritative decision."    3 Wash. on Real Prop., book 3, chap. 2, sec. 5, (4th ed.) p. 61, et seq.    Sideck v. Duran, 67 Texas, 261, 262.

In the case of Hanrick v. Dodd, 62 Texas, 89, the court said:

"Under the Mexican law, as under the common law, an estate granted by the government cannot afterwards be divested upon mere surmise or suggestion.    A formal conveyance, or a regular proceeding, is requisite. Dikes v. Miller, 25 Texas Sup., 289; Smith v. Shackleford, 9 Dana, (Ky.) 452; Robie v. Sedgwick, 35 Barb. (N. Y.) 329; Ferris v. Coover, 10 Cal.,. 617; Montgomery v. Bevans, 1 Saw., 653."

The statute of frauds requires that conveyances of land shall be in writing.    While a party may divest himself of title to land, or rather he may become estopped from claiming title, by a disclaimer filed in a judicial proceeding, yet, it would be carrying the doctrine further than it could be sustained on principle, to hold that such a disclaimer or abandonment could defeat the right of a third party to foreclose a mortgage on the land in his hands.    The disclaimer of Phillips does not vest title in the estate of Blasingame.    In order to have that effect, if title was ever· vested in Phillips, there must have been some act on the part of Phillips. which would be held good as a conveyance of land.    If the sale by the trustee was regular and vested the legal title to the land in R. G. Phillips, his subsequent abandonment or disclaimer could not re-vest the title in the estate of Blasingame so as to prevent appellant from foreclosing its mortgage on the land.    If Phillips had acquired title to the land and had subsequently executed to the administrator of the estate of Blasin-· game a warranty deed to the property, it would have been like a new purchase of property, and he would have taken the property subject to all valid liens and mortgages then upon it.

Under our views of the case, we might make a final disposition of it. here, but inasmuch as the case has been complicated on the trial by a consolidation with cause number 3523 and the injection of irrelevant issues, and the question as to whether the title was vested in Phillips under his purchase does not seem to have been fully developed in the court. below, it is deemed proper to reverse the judgment and remand the case. for a new trial, and it is so ordered.

                                        *Reversed and remanded.*

Delivered May 23, 1896.


From the foregoing ruling and judgment of the Court of Civil Appeals Phillips, Loyd, the administrator of Blasingame's estate, Clemma Blasingame, the minor in possession of the homestead, and the First National Bank of Waxahachie prosecuted a writ of error; to obtain which·

from the Supreme Court they averred that the ruling practically settled the case; that the sale of Phillips was regular; and that another trial could not change the result of the court's rulings.

GAINES, CHIEF JUSTICE.—The judgment of the trial court in this case was reversed by the Court of Civil Appeals and the cause remanded. In order to give jurisdiction to this court, the plaintiffs in error (the appel lees in the Court of Civil Appeals) in their petition for the writ of error, alleged, in effect, that they could adduce no better evidence upon another trial and that the decision of the Court of Civil Appeals "practically set- tled the case." Finding this allegation correct, we granted the writ without an examination into the assignments presented in the petition. Having now considered the case upon its merits as presented in this court, we find no error in the judgment of the Appellate Court. The elaborate opinion of the Chief Justice of that court thoroughly discusses and correctly disposes of the questions involved and saves us the labor of further discussion.

Since we have acquired jurisdiction on the ground that the decision of the Court of Civil Appeals practically settled the case and since we find no error in their judgment, it becomes our duty under the statute to af- firm that judgment in so far as it reverses the judgment of the District Court, and to render final judgment here in favor of the defendant in error, which is accordingly done.

*Affirmed and Judgment rendered.*

In accordance with the foregoing opinion judgment was rendered in the Supreme Court, reciting that the judgment of the Court of Civil Ap- peals was found correct; that writ of error had been granted on the ground that it practically settled the case; and the court thereupon, pro- ceeding to render such judgment as, between the parties, should be ren- dered on the findings, decreed that the estate of B. F. Blasingame was indebted to the J. B. Watkins Land Mortgage Company for the amount of the bond, $3054.70; that the same was a lien upon the 190 acres of land describing the two tracts of $153\frac{1}{2}$ and $36\frac{3}{4}$ acres respectively; that such lien be foreclosed and the land ordered sold for its satisfaction; and that, Phillips having disclaimed any right as against the administrator, the balance after satisfying the debt and costs should be paid to the ad- ministrator of Blasingame's estate. The decree further provided that the judgments of the District Court and the Court of Civil Appeals, so far as they reclassified the claim of plaintiff in error against the estate be affirmed.