JONATHAN MILES ET AL. V. ·COLEMAN NATIONAL BANK.

Decided November 2, 1904.

**1.—Trust Deed—Construction.**

A deed of trust made to a bank to indemnify it against attorney's fees and costs which might be incurred by reason of a bond given by such bank in a pending garnishment suit, held to cover such costs and fees in a subsequent suit in which the bank was involved by reason of having given such bond.

**2.—Administration—Presentation of Claim.**

The maker of a trust deed, given as indemnity against liability of the beneficiary incurred in the interest of the maker, having conveyed the property to another before his death, his estate had no interest therein which required presentation of the claim in the administration proceedings before sale by the trustee under the powers conferred by the deed.

Appeal from the District Court of Tom Green. Tried below before Hon. J. W. Timmins.

*Jenkins & McCartney,* for appellant.—A deed of trust executed to indemnify a party against loss in one suit can not be enforced to indemnify said party against loss in another and different suit. That bond executed by the Purcell Bank to Houghton was ultra vires: Seligman v. Bank, 2 Nat. Bank Cases, 198; Norton v. Bank, 3 Nat. Bank Cases, 568.

The claim of the Coleman National Bank against the estate of R. S. Bowen should have been presented to the administratrix for allowance because the statute so requires. Rogers v. Watson, 81 Texas, 403; Tiboldi v. Palms, 34 Texas Civ. App., 318; Gillaspie v. Murray, 66 S. W. Rep., 253; Texas Loan Agency v. Dingee, 33 Texas Civ. App., 118; Robertson v. Paul, 16 Texas, 472.

It was necessary to present this account to Bowen's administratrix because the mortgage did not acknowledge an existing indebtedness, but only a contemplated possible indebtedness, and Bowen never having acknowledged such indebtedness his administratrix should have had an opportunity to pass upon the same.

Though Bowen had sold the lots, the claim should have been presented to his administratrix because he had given a warranty deed to said lots "against anyone claiming under him." The appellee is claiming under him, and if its title is good appellant may recover a judgment against Bowen's estate on said warranty. That Bowen's estate was insolvent when the administration was closed does not prove that it is now insolvent. His heirs through him may have inherited a very valuable estate by reason of the death of his father or mother, or other relative, since his death. The homestead exemption may have rendered his estate insolvent at the time his wife closed the administration, but the death of the wife or the abandonment of the homestead may have rendered his estate very valuable. He, Bowen, may have held judgments for large amounts against insolvents who have since become solvent. In many other ways the estate of Bowen, though insolvent when the administration was closed, may have become solvent in less than four .

years after his death. Had this account been presented to the administratrix and by her disallowed and not thereafter established by suit, the heirs of Bowen could never have become liable on his warranty by reason of such alleged indebtedness.

*Jos. Spence* and *F. L. Snodgrass*, for appellee.—The authorities are uniform, and to the effect that the Coleman National Bank having received the $1400 by reason of the letter of guarantee executed by Bowen to it and having appropriated the same in discharge of the indebtedness of Bowen could not have urged ultra vires against the enforcement of the obligation as between it and the Purcell National Bank; having received these benefits it could not repudiate on the ground of ultra vires. 17 Am. & Eng. Ency. Law, 789 and notes. Bowen having received the $1400 by reason of the execution of the indemity, the Coleman National Bank, having in good faith performed its part of the contract, can not defeat the obligation by pleading a want of power in the bank to enter into the contract. Bond v. Terrell Cotton & W. Mfg. Co., 82 Texas, 310; Bushnell v. Bank, 1 National Bank cases, 794.

The attorneys' fees and costs incurred and paid out by the Coleman National Bank were directly covered by the terms of the deed of trust in the light of the oral evidence explaining the terms of the said deed of trust.

In the case of Rogers v. Watson, 81 Texas, 403, it is held that the power of sale under a mortgage of this kind is not revoked by the death of the maker except in so far as it may be rendered inoperative by reason of our probate statute. We submit in this case that R. S. Bowen having sold this land upon which he had executed the deed of trust long prior to his death without reservation of right of lien thereon, as said by the Supreme Court in the case of Hanrick v. Gurley, 93 Texas, 461; "it is settled by decisions of this court that as all the title of the deceased had been passed away prior to his death nothing remained in his estate subject to the orders of the Probate Court, and that the equities of redemption of the purchasers could not be foreclosed in this manner [that is by sale in Probate Court] and that the purchaser under such an attempted foreclosure acquired no title whatever."

The power of sale in a trust deed is not revoked by the grantor's death where after execution of the deed he disposed of his interest in the property. The fact that the debt secured by the trust deed is barred by limitation does not preclude the exercise of the power of sale in the deed. Mott v. Maris, 29 S. W., Rep., 825; Gillaspie v. Murray, 66 S. W. Rep., 253; National Ex. Bank v. Jackson, 33 S. W. Rep., 278.

The validity of the debt as against a subsequent purchaser of the land of the decedent prior to his death is not affected by failure to present same and have same allowed by the Probate Court, nor is the right to the establishment of the said debt and foreclosure of the lien on the property affected by failure to so present same. Williams v. Lumpkins, 74 Texas, 604.

It has been held by the Supreme Court of this state that the holder of a lien, as against a subsequent purchaser, where it does not seek a personal judgment against the maker of the debt, has the right to sue

the subsequent purchaser and foreclose his lien when the establishment of his debt and the foreclosure of his lien is the only relief sought. We submit that this holding from necessity renders the sale by the trustee herein valid. The authorities are uniform that when the mortgagor has parted with his title to the property, neither he, nor his assignees in bankruptcy, nor his heirs, nor his personal representatives, are necessary parties to a proceeding in court to foreclose. See Wiltsie on Mortgage Foreclosures, sec. 118, pp. 137, 138, and numerous authorities there cited; Buchanan v. Monroe, 22 Texas, 537.

FISHER, CHIEF JUSTICE.—This is a suit by appellee, as plaintiff in court below, in trespass to try title to recover certain lots in the town of San Angelo. The case was tried before the court and judgment rendered in favor of appellee. The conclusions of fact and law found by the trial court are as follows:

"Prior to February, 1895, R. S. Bowen was cashier of the Coleman National Bank. While he was cashier of said bank Jonathan Miles had sold to one Houghton, in the Indian Territory, certain cattle, and said Houghton owed said Miles the sum of $1400. Blum had brought suit in said territory against said Miles and had served a writ of garnishment on said Houghton for the money due Miles. Bowen, as cashier of said Coleman National Bank, being desirous of obtaining said money, executed to the Bank of Purcell, I. T., a guarantee to said Bank of Purcell, that if said Purcell Bank would execute to said Houghton a bond of indemnity to said Houghton to hold him harmless in event he paid said money to Bowen, then said Coleman National Bank would indemnify said Bank of Purcell. The said Bank of Purcell executed said bond of indemnity to said Houghton, and the said Houghton paid said sum of $1400 to the said Bowen, and said amount of $1400 was applied by said Coleman National Bank to the indebtedness of said Bowen and the said Miles to said Coleman Bank. Blum prosecuted said suit against Miles and said Houghton, as garnishee, to judgment. At the time of said judgment said Houghton was insolvent and died insolvent, and Blum realized nothing from Houghton or his estate. Blum then brought suit against the Purcell Bank to recover $1400 paid by Houghton through said bank to Bowen, alleging conspiracy between said bank and Houghton and Miles to defraud said Blum.

"The Purcell Bank called on the Coleman National Bank to make good their obligation of indemnity made by said Bowen as cashier of said Coleman Bank. The said Coleman Bank thereupon employed attorneys and incurred necessary expense in the defense of said last mentioned suit to the amount of $362.76, and said suit was decided in favor of the Purcell Bank. On the 21st day of February, 1895, R. S. Bowen executed to the Coleman National Bank a bond of indemnity, reciting that 'Whereas, said Coleman National Bank has made for me a certain bond required in a certain suit of L. & H. Blum v. J. Miles et al., filed at Ardmore, Indian Territory, and in order to indemnify said bank against any loss on account of possible costs, attorney's fees, interest or damages the bank may have to pay by reason of signing said bond.' Said deed of trust included with other property the lots sued for.

Bowen at the time said bond was executed had ceased to be cashier of said Coleman Bank. In the suit of Blum v. Purcell Bank, the said Bowen testified by deposition, and so far as the evidence shows made no protest against the bank fighting said suit. In 1895 the said Jonathan Miles delivered to the said Bowen, while cashier of the said Coleman Bank, a large amount of collateral as security for indebtedness owing by said Miles to said bank and other parties, and which indebtedness the said Bowen was surety for. Under the evidence, I am unable to say what became of a large part of said collateral, but the evidence shows that Miles has no account from the Coleman bank showing in what way a large part of said collateral was disposed of or applied.

"R. S. Bowen died in November, 1899, and administration was had on his estate. Prior to Bowen's death he conveyed the lots involved in this suit to the Citizens National Bank of San Angelo, and said bank conveyed same to defendant Mrs. Lillie B. Miles. Bowen's estate was insolvent, and administration on same was closed prior to the sale of the lots in suit under the deed of trust made by said Bowen to said Coleman Bank. Said deed of trust and the claim of said bank against Bowen was never presented to the administrator of Bowen's estate for allowance or approval; less than four years had elapsed from the time of Bowen's death to the date of foreclosure under said deed of trust. R. H. Alexander, who was the trustee in said deed of trust of said Bowen to said Coleman Bank, refused to act, and said bank appointed Joseph Spence, Jr., as substitute trustee, who on the —— day of September, 1903, on the first Tuesday in said month, sold the lots sued for in this suit. Said sale was in all things regular and the said Coleman Bank now holds the title executed by said Spence as trustee at said sale. It was agreed that R. S. Bowen was the common source.

"Conclusions of Law.—Under the deed of trust introduced in evidence, the said Bowen was liable to the said Coleman Bank for expenses incurred in defending the said suit of L. & H. Blum v. Purcell Bank, said suit having grown out of and arisen from the suit of Blum v. J. Miles as principal and Houghton as garnishee. Bowen having parted with the title to the land in suit during his lifetime and his estate being insolvent, there was no necessity to present the claim of said Coleman Bank to said estate, and the administration having closed on said estate prior to the sale under said trust deed, the deed of said Joseph Spence under said deed of trust conveyed title to said lots, and the said Coleman bank, having acquired the title conveyed at said trustee's sale, is entitled to recover in this suit."

There being evidence in the record to support these conclusions, they are adopted and approved by this court.

Appellant's first assignment of error complains of the action of the court in holding that the expenses paid by the Coleman National Bank in defending the suit of L. & H. Blum v. Purcell National Bank, was a debt secured by the deed of trust executed by Bowen to the Coleman Bank on the land in controversy. It is unnecessary that we should state the terms of the deed of trust upon this subject, as we are of the opinion that the court correctly construed it, in connection with the evidence bearing on the subject, that it did embrace the items and expenses for

which the land was sold under the deed of trust, at which sale the Coleman National Bank, the appellee herein, became the purchaser. Under this assignment the appellants have a statement in their brief that the bond executed by the Purcell National Bank to Houghton was ultra vires. This question is not presented by assignment, and therefore we are not required to pass upon it.

Appellant's second and last assignment of error is as follows:

"The court erred in holding that R. S. Bowen, having parted with title to the land in this suit during his lifetime, there was no necessity to present the claim of said Coleman Bank to the administrator of said estate, it appearing from the undisputed evidence in this cause that R. S. Bowen, who executed the deed of trust under which the plaintiffs claim the land in controversy, died subsequent to the execution of said deed of trust, to wit, on November 2, 1899. That his estate was duly administered in said Coleman County, Texas, and that said administration was closed on the 15th day of July, 1901; that said Bowen on the 22d day of February, 1896, executed to the Citizens National Bank, under which appellant claims, a special warranty deed to said land, and that less than four years had elapsed after the death of Bowen before the sale of the land in controversy by the trustee in said deed of trust."

We think the conclusion reached by the trial court upon this subject was correct. At the time the deed of trust was foreclosed, and the Coleman National Bank became the purchaser, the estate of Bowen had no interest in the property, as Bowen had sold it to the vendor of appellant long prior to the time of his death. His death did not abate the lien created by the deed of trust, and his estate not being interested in the property in question, it would not interfere with the policy of the administration of the probate law so far as concerned his estate, that the claim or the trust lien should not have been presented to the administrator of his estate for allowance.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.