## J. A. OPENSHAW v. MAHALY DEAN ET AL.

### Decided March 8, 1910.

**1.—Absolute Deed—Mortgage—Foreclosure—Limitation.**

R being indebted to O on September 14, 1899, executed to him an absolute deed to several town lots; the deed was mutually understood and intended to be a mortgage; on January 16, 1900, R executed to O a note for the indebtedness and a deed of trust on the same lots to secure the note; afterwards again, a parol sale of the lots was made by R to O in satisfaction of the indebtedness, and O filed his absolute deed for record on August 24, 1904, and went into possession and made permanent and valuable improvements; on August 26, 1904, R executed a deed to the same lots to his daughter; R died on March 18, 1905; in a suit of trespass to try title by the daughter against O for the lots, held (1) that a cross action by O setting up the note and deed of trust and praying for a foreclosure of the lien, filed more than seven years after the maturity of the note, was barred by limitation; (2) upon plaintiff's interposing the statute of limitation defendant had the right to have the trustee sell the lots under the deed of trust, and, upon obtaining a deed from the trustee, to plead by amended answer the title so acquired; and (3) the fact that defendant first sought to have his lien foreclosed by the court would not prevent him from afterwards having the same foreclosed by the trustee's sale, pleading the same.

**2.—Trustee's Sale—Death of Grantor—Limitation.**

Neither the death of the grantor in a deed of trust nor the fact that the debt is barred by limitation will conclusively prevent the execution of the power to sell given to the trustee.

**3.—Debtor and Creditor—Foreclosure of Lien—Adjustment of Equities.**

In a suit of trespass to try title wherein the defendant set up title in himself under a foreclosure sale by the trustee in a deed of trust, facts considered and held to require the application of the general principles of equity whereby the creditor should account for the rents received, and have payment of any balance due on the original debt and compensation for improvements made.

**4.—Statute of Frauds—Verbal Sale—Possession and Improvements.**

When, to take a verbal sale of land out of the operation of the statute of frauds, a party relies upon possession taken and improvements made, it must be shown that such possession was taken and improvements made during the

life of the vendor and under such circumstances as to afford a presumption that he knew of and acquiesced therein; and this rule can not be affected by the fact that the party claiming under the verbal sale had an absolute deed to the premises when it was admitted that the deed was in fact a mortgage.

#### 5.—Practice—Demurrers—Presumption of Abandonment.

When it does not appear from the record that exceptions to pleading were acted upon by the court it will be presumed that they were abandoned and they can not be renewed by objections to evidence when offered.

#### 6.—Vendor and Vendee—Declarations of Vendor—Hearsay Evidence.

Where, in trespass to try title, the defendant claimed the land under a verbal sale to him, testimony as to the declarations of the vendor, not made in the presence of the vendee, to the effect that the vendee was looking after the property for the vendor, that there were no incumbrances on the same and that he had never made a deed to it, was hearsay and inadmissible.

#### 7.—Subsequent Purchaser—Notice of Prior Deed or Incumbrance.

The possession of one claiming land under a verbal sale would be notice to a subsequent purchaser that he claimed title, but possession would not be notice to such purchaser of an unrecorded deed of trust, and the title acquired by foreclosure of the trust deed could not prevail against such purchaser for a valuable consideration without notice.

#### 8.—Mortgage—Future Advances.

When there is no provision in a deed of trust that it shall cover any advances outside of the amount of the note therein named, it can not be made to cover such; but if the note named in the deed of trust was made and intended to cover future advances as well as present indebtedness, then, to the extent of the amount of the note, the deed of trust would cover such indebtedness.

#### 9.—Appeal—Rendition of Judgment—Practice.

When it appears from the record on appeal that appellee's case is not fully or properly developed, and that upon another trial other and competent evidence might be introduced, judgment will not be rendered against him upon reversal of the judgment of the trial court, but the cause will be remanded for a new trial.

Appeal from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*John G. Tod,* for appellant.

*Woods & Graham* and *Bailey & Morehead,* for appellees.

REESE, ASSOCIATE JUSTICE.—This suit, as originally instituted, was an action in trespass to try title by Mahaly Dean, joined by her husband, to recover lots 7 and 8, block 424, Baker's addition to the city of Houston. Sam Richards was common source of title, plaintiff Mahaly Dean, a daughter of Sam Richards, claiming title under a deed from him dated August 26, 1904.

Defendant disclaimed as to the north half of the lots, and in addition to a plea of not guilty specially pleaded title in himself. The title thus pleaded was as follows: On September 14, 1899, Sam Richards executed to defendant a general warranty deed to the lots, which was filed for record August 24, 1904. This deed was admitted

to be intended by both parties as a mortgage. It is claimed by defendant that after the execution of this deed he made further advances to Richards, and on January 16, 1900, Richards being then indebted to him in the sum of $450, on that date executed to defendant his promissory note in that amount, due in one year, and to secure the same executed a deed of trust on the property in controversy. It does not appear from the statement of facts that this deed of trust was ever recorded. Thereafter, as alleged by defendant, Richards in consideration of said indebtedness made a parol sale of the property to defendant, upon which defendant went into possession and made permanent and valuable improvements, and, under the belief that the aforesaid deed placing the legal title in him, and the parol sale conferred upon him full title, he, on August 24, 1904, had said deed recorded. Defendant prays in the alternative that if the court should conclude that the facts pleaded do not place the title in him, but only constitute a lien upon the property, that the indebtedness secured thereby amounting, principal and interest, to $500, be established as a lien on the property and he prays for foreclosure of his lien.

To this appellee, by supplemental petition, pleaded that the debt, if it existed, was barred by the statute of limitation.

After the filing of this plea by appellee, appellant had the trustee in the deed of trust to advertise and sell the property for the satisfaction of the note for $450, at which sale the property was bid in by appellant and deed executed to him, and thereafter he filed his second amended answer, in which, in addition to all of the matters theretofore pleaded, he set up his title under this latter sale and deed.

Plaintiff by several supplemental petitions denied any indebtedness of Richards to defendant, and pleaded that if there had ever been any such indebtedness it was barred by limitation; and further, that it had been more than paid by the rents of the property. It was alleged that if defendant had ever placed any improvements on the property that such improvements were neither permanent nor of any value, but rather a detriment to the property. With regard to the claim of title under the trustee's sale and deed, it was alleged that defendant by seeking to have foreclosure of his lien under said deed of trust had elected his remedy and could not thereafter have a sale made by the trustee.

The pleadings are very voluminous. We have only attempted to set out in this statement such features thereof as are material to the decision of this appeal.

Upon the conclusion of the evidence the trial court instructed the jury to return a verdict for plaintiff, and from the judgment thereon defendant appeals.

It is stated in the brief for appellant that it was held by the trial court that having elected to seek by cross-action a foreclosure of the lien given by the deed of trust to secure the note for $450 due January 16, 1901, appellant had elected to pursue that remedy and could not thereafter seek the remedy of foreclosure by sale by the trustee. Unless this view was taken by the court we are unable to see why these facts should have been regarded as presenting no

defense to the suit. The facts as shown by the pleadings are that when appellant set up the fact of the execution of the note and deed of trust, and prayed in the alternative that if the parol sale in connection with the absolute deed, which was intended as a mortgage, did not convey title, the lien of the deed of trust be foreclosed, he was met by a plea that the note was barred by the statute of limitation. This defense to the foreclosure was clearly good. It was then that appellant had the sale made by the trustee and became the purchaser at the sale, which title he then set up by a subsequent amended answer.

It is quite true that appellant could not have both remedies, and that is the effect of the cases cited by appellees in support of their contention on this point. (Cameron v. Hinton, 92 Texas, 492; Avery & Sons v. Texas Loan Agency, 62 S. W., 793.) The facts here present a different case. Appellant, seeing the remedy by foreclosure barred to him by appellees' plea of limitation, substantially abandoned that and sought the other by trustee's sale. In such case he would not be barred of the latter remedy. This we take to be the effect of the decision by our Supreme Court in Converse v. Davis, 90 Texas, 462, when read in connection with Davis v. Andrews, 88 Texas, 524.

Sam Richards having conveyed the property by his deed to appellee, the fact of his death did not deprive the trustee of the power to sell. (Rogers v. Watson, 81 Texas, 400; Phillips v. Watkins, 90 Texas, 195; Taylor v. Williams, 101 Texas, 388.) Nor did the fact that the debt secured by the deed of trust was barred by limitation prevent the execution of the power to sell given by the trustee. (Goldfrank & Co. v. Young, 64 Texas, 432; Fievel v. Zuber, 67 Texas, 275.) The distinction between a remedy provided by contract of the parties and one to be pursued through the process of the courts, is clearly pointed out in Fuller v. O'Neal, 82 Texas, 417.

If any part of the indebtedness to secure which the deed of trust was given remained due at the date of the sale by the trustee, we can see no reason why such sale could not have been made, nor why it did not pass to appellant such title as Sam Richards had at the date of the execution of the trust deed. (Groesbeck v. Crow, 85 Texas, 200.)

The deed of trust does not refer to any other indebtedness than the $450 evidenced by the note, nor is it alleged that as to the deed of trust any other or future advances should be included therein, and it could not be shown that it was agreed that other indebtedness in addition to this should be secured thereby.

We are inclined to think, however, that under the peculiar facts of this case appellees should be allowed, under appropriate pleadings, to pay what may be found to be due, if anything, on the debt secured by the deed of trust, charging appellant with the rents, if any, while in possession, and crediting him with value of permanent improvements, if any, on general principles of equity in such cases. It follows from what we have said that the learned court erred in instructing a verdict for appellees, as appellant testified that there was $125 or $150 still due on the indebtedness.

As to the title under the parol sale, this was eliminated by the refusal of the trial court to permit appellant to testify to the facts alleged as to this, that is, as to the alleged verbal sale and the possession and improvements made thereunder. To this testimony, when offered by appellant, appellees objected on the grounds, as shown in the bills .of exceptions, as to the verbal sale, that appellees were purchasers without notice thereof, and the, ·same was in contravention of the statute of frauds; and as to the possession and improvements thereunder, that appellees had no notice thereof; that appellant had not by his pleadings put plaintiff on notice as to what improvements had been placed on the property, in that the allegations of his answer in this regard were too general, and because the pleadings had not shown that the improvements had been made before the death of Sam Richards. These objections were sustained, to which ruling appellant took bills of exception.

We think this ruling was error. By their supplemental petition appellees excepted to the allegations of the petition as to these matters on the grounds that the improvements were not specifically set out, and also that they were not shown to have been made before Sam Richards' death. No ruling was had upon these exceptions, and we must assume that they were abandoned.

The allegations as to the improvements are sufficiently specific. It is true that when a party relies upon possession taken and improvements made under a verbal sale of land to take such sale out of the operation of the statute of frauds, it must be shown that such possession was taken and improvements made during the life of the alleged vendor (Ann Berta Lodge v. Leverton, 42 Texas, 21; Hutcheson v. Chandler, 47 Texas Civ. App., 124), and under such circumstances as to afford a presumption that he knew of and acquiesced therein, and it may be that the special exception to the petition on this ground should have been sustained, but the exception having been abandoned, we do not think that it was proper to renew the same by way of objection to the evidence. Such practice has been often condemned by the courts. In determining the effect of this evidence in taking the verbal sale out of the operation of the statute of frauds, the general rule as to possession and improvements is not affected by the fact that appellant already had a deed from Richards on its face conveying the legal title, but in effect by agreement of the parties only a mortgage. His rights under the alleged verbal sale would depend upon the facts as to possession and improvements made during the life of Richards and presumably with his knowledge and acquiescence, uneffected by the fact that he had the deed which was in effect a mortgage. (Clitus v. Langford, 24 S. W., 325.)

We know no rule of evidence under which the testimony of appellee, Mahaly Dean, and Moorehead should have been admitted as to statements made to them by Sam Richards to the effect that appellant was looking after the property for him, that there were no encumbrances on the property, and that he had not made a deed to it. These statements come under the ordinary rule as to hearsay testimony, and were not admissible. The ·question is presented by the tenth and eleventh assignments of error, which we would not

consider for the purpose of reversing the judgment, as the statement thereunder is wholly insufficient, being in fact an argument and not such a statement from the record as would enable us to determine the question raised by the assignment. The proposition under the assignment also fails to reach the real point of objection. We only pass upon the question in view of another trial. We take occasion to remark that none of the statements in the brief under the several propositions, are as clear, full and specific as they should be, and the fourth assignment has no statement at all, and for that reason has not been considered. Appellant has filed a supplemental brief in which he has undertaken to cure some of the defects in his original brief, but even with that, the statements from the record of such matters as relate to the questions raised, are not clear nor specific. The questions decided are, however, we think, sufficiently presented to enable us to determine the several objections raised.

Appellant can have no relief except such as may be predicated upon the parol sale alleged to have been made after the execution of the deed of trust, or failing that, the sale and conveyance by the trustee, resting upon the existence of indebtedness at the time of such sale. Of all other remedies he is barred by the statute of limitations.

The possession of appellant at the date of the execution of the deed to appellees, if he was then in possession, would be notice of his title under the parol sale, if such sale is established, as it was under this sale that he claimed title. But this possession would not be notice to appellees of the deed of trust, and appellant's title under the deed of trust could not be sustained if the deed to appellee was upon valuable consideration, that is, such consideration as stated in her pleadings, and she had no notice at the date of its execution of the existence of the deed of trust.

For the errors indicated the judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

We apprehend, from appellees' motion for rehearing, that we did not make ourselves clearly understood in our opinion upon one feature of this case. The deed of trust executed by Sam Richards to Openshaw is given to secure a promissory note for $450. There is no provision that the deed of trust shall cover any future advances outside of the note, and it can not be made to cover such. If, however, at the time the note for $450 was given, Richards did not owe Openshaw that amount, and it was agreed that the note should be given to secure what he did owe and also such future indebtedness as was then contemplated would afterwards accrue, up to $450, then to the extent of the amount of the note the deed of trust would cover such indebtedness. Our understanding of the evidence of appellant on this point, however, is that it did not tend to show any agreement as to future advances to be secured by this deed of trust, but that the deed first executed by Sam Richards, which was intended as a mortgage, was to secure a present existing indebtedness and also future advances, and that the entire indebtedness thus secured

amounted, at the date of the deed of trust, to $450, for which the note and deed of trust were then given.

On his motion for rehearing appellant insists that the judgment should have been rendered here in his favor, on the ground that the undisputed evidence showed an indebtedness secured by the deed of trust still due and unpaid at the date of the sale under the deed of trust. He overlooks the testimony, improperly admitted it is true, as to what Sam Richards told the witnesses, in substance, that he owed nothing to Openshaw. Appellees should not be cut off, by a rendition of the judgment here, from the opportunity to prove this fact by other and unobjectionable evidence. Possibly they rested upon this testimony to the neglect of other evidence which may be accessible to prove this fact. We can not assume that there is no legal evidence of the fact, which would have been forthcoming but for the erroneous admission of the evidence referred to.

With this addition to our opinion both motions for rehearing are overruled.

*Reversed and remanded.*