## SMITH v. SAN ANTONIO JOINT STOCK LAND BANK OF SAN ANTONIO et al.

### No. 1918.

Court of Civil Appeals of Texas. Eastland.

June 9, 1939.

Rehearing Denied July 7, 1939.

Smith & Smith, of Anson, for appellant.

Hamilton, Harrell, Hamilton & Turner, of Dallas, John J. Cox, of San Antonio, and Thomas & Thomas, of Anson, for appellees.

FUNDERBURK, Justice.

Of date December 5, 1933, J. L. Gordon, Sheriff of Jones County, purported to convey (by deed) to A. J. Smith, Jr., all the estate, right, title and interest which C. B. Brown had on February 9, 1933, or at any time thereafter, in and to 161 acres of land in Jones County. At that time, the land was subject to a deed of trust lien, given August 24, 1927, by C. B. Brown and wife Emma Brown, to The San Antonio Joint Stock Land Bank of San Antonio, Texas (hereinafter called the Bank), to secure certain indebtedness. Emma Brown died testate on November 11, 1930. C. B. Brown was constituted independent executor of her estate. A. J. Smith, Jr., entered into possession of said land following the Sheriff's deed to him, as aforesaid, and the tenant of C. B. Brown, recognizing him as landlord, accounted to him for rents and revenues up to June 2, 1936. C. B. Brown died intestate in Jones County on January 28, 1935. On said June 2, 1936, following (1) default in payment of a part of the indebtedness secured by said lien of the Bank; (2) exercise by the Bank of the option to accelerate the due date of the remainder of the indebt-

edness; (3) refusal of Wm. B. Lupe, original trustee in the deed of trust, to act; (4) adoption of resolution by the board of directors of the Bank authorizing Wm. B. Lupe, as President, to appoint a substitute trustee; (5) appointment under such authority of Bert E. Low as substitute trustee; (6) notices of sale caused to be posted by the latter, with notices mailed to A. J. Smith, Jr., and to C. B. Brown and Mrs. C. B. Brown, said land was sold by said Low as substitute trustee to the Bank for a consideration of $2,500. A. J. Smith, Jr., thereupon yielded possession of the land to the Bank which began to exercise acts of ownership, including the execution, on August 3, 1937, of an oil and gas lease to Thomas D. Humphrey, for a cash consideration of $6,250 and $24,000 payable out of oil and gas production.

A. J. Smith, Jr., brought this suit against the Bank and Thomas D. Humphrey to recover the land with title freed and cleared of the cloud cast thereon by the substitute trustee's deed to the bank, and the latter's oil and gas lease to said Humphrey. In a nonjury trial the court gave judgment for the defendants, from which the plaintiff has appealed.

■ The deed of trust in part provided that upon named contingencies the owner or holder of the debt should have power to appoint "by written instrument, duly recorded in said [Taylor] County, a substitute trustee." Such power was exercised in the sale under attack. It seems to be contended that a condition of its proper exercise was not complied with in that the Resolution of the Board of Directors of the Bank authorizing its President, for it to appoint a substitute trustee was not recorded in Taylor County. We cannot regard any of the provisions of the deed of trust as so requiring. The words "by written instrument duly recorded in said county" refer, we think, to the instrument making the appointment of the substitute trustee and not to the evidence of the authority of the officer or agent of the Bank to act for the Bank in making such appointment. The appointment itself was duly recorded.

■ Low, the substitute trustee, did not in person post the notices of sale, but caused J. L. Gordon, Sheriff, to do so. In all other respects the sufficiency of the notices of sale was unchallenged. Within the rule which forbids a trustee to delegate to another his trust authority, the posting of the notices by another was but a ministerial act

constituting no violation of such rule. Walker v. Taylor, Tex.Civ.App., 142 S.W. 31; Roe v. Davis, Tex.Civ.App., 142 S.W. 950; Wilson v. Armstrong, Tex.Civ.App., 236 S.W. 755.

The next two questions involve a consideration of whether or not under the undisputed evidence the death of either, or both, C. B. Brown and wife, Emma Brown, had an effect in law equivalent to a revocation of the power of sale given in the deed of trust.

■ Emma Brown died testate, and by her will appointed C. B. Brown as her independent executor who duly accepted and qualified as such independent executor. Under the circumstances there was no revocation of the power of sale by operation of law. Fischer v. Britton, 125 Tex. 505, 83 S.W.2d 305; Taylor v. Williams, 101 Tex. 388, 108 S.W. 815. The two decisions cited seem to establish the proposition that "a trustee under a deed of trust can exercise the power of sale after the death of the grantor when the grantor's estate is being handled under an independent executor as provided and directed in the will."

■ By operation of another principle of law the death of C. B. Brown did not, we think, have the effect of a legal revocation of the power of sale. According to the allegations of plaintiff's petition, C. B. Brown at the time of his death had no interest in the land since all his right, title or interest had been acquired by plaintiff. The land was, therefore, no part of the estate of C. B. Brown. We think the further proposition must be regarded as established that the death of a grantor in a deed of trust with power of sale after such grantor, the owner of the land, has, before his death, conveyed all interest in the land to a third person, will not operate to revoke the power of sale. Taylor v. Williams, 101 Tex. 388, 108 S.W. 815; Openshaw v. Dean, 59 Tex.Civ.App. 498, 125 S.W. 989; Estrada v. Reed, Tex.Civ.App., 98 S.W.2d 1042; Miles v. Coleman Nat. Bank, 37 Tex.Civ. App. 73, 84 S.W. 284; J. B. Watkins Land Mortg. Co. v. Phillips, 90 Tex. 195, 38 S.W. 270; Phillips v. J. B. Watkins Land Mortg. Co., 90 Tex. 195, 38 S.W. 470.

We fully concur in the conclusions of fact and law of the honorable trial judge having the effect to sustain Thomas D. Humphrey's plea of innocent purchaser.

Our conclusion upon the whole is that the judgment should be affirmed, which is accordingly so ordered.