## CITY NAT. BANK OF CORPUS CHRISTI v. POPE. (No. 7111.)

(Court of Civil Appeals of Texas. San Antonio. March 19, 1924. Rehearing Denied April 16, 1924.)

1. **Appeal and error ☯907(3)—Absent statement of facts only facts filed by trial court presumed to exist in support of judgment.**

Where no statement of facts accompanies the record, but the trial court filed full findings of fact, the appellate court cannot presume existence of any other facts to support correctness of judgment.

2. **Bills and notes ☯129(2)—Ordinarily exercising option to accelerate maturity should be in unequivocal manner.**

Ordinarily, the exercise of an option to accelerate maturity of a note should be in a manner clear and unequivocal so as to leave no doubt as to holder's intention.

3. **Bills and notes ☯129(2)—Limitation of actions ☯51(2)—Acceptance of payments after alleged exercise of option to accelerate maturity held waiver of such purpose; where election to accelerate waived, statute of limitations does not begin to run.**

Where plaintiff after an attempted exercise of option to accelerate maturity of a note accepted partial payments of interest and principal without exacting penalties available to it in case of declared maturity, such action was a waiver or abandonment of purpose to accelerate the maturity, and limitations did not begin to run at the time of such attempt to exercise the option.

4. **Bills and notes ☯129(2)—Declaration to accelerate maturity must be followed by affirmative action.**

The intention of the holder of a note to exercise the option to mature the entire obligation may be evidenced by declarations, but to be effective the declaration must be followed by affirmative action towards enforcing the declared intention.

5. **Principal and surety ☯125—Surety not released by holder's alleged failure to bring suit.**

Where the matter of enforcing collection of a note by suit was optional with holder, if

installments thereof were not promptly paid, and obligors waived diligence in bringing suit, holder cannot be held not to have exercised diligence in bringing suit or taking steps to collect before the note matured so as to release surety thereon from his obligation.

**6. Principal and surety ⚫═126(3)—Failure of holder to bring suit after demand by surety held not to release surety.**

Where surety on note waived diligence in bringing suit thereon, and notice to holder to bring suit related to a collateral note and not the note sued on, bank's failure to bring suit before maturity did not, under Rev. St. art. 6329, release surety.

Appeal from Nueces County Court; H. R. Sutherland, Judge.

Action by the City National Bank of Corpus Christi against W. E. Pope. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

E. B. Ward, of Corpus Christi, for appellant.

Boone & Savage, of Corpus Christi, for appellee.

SMITH, J. The bank brought this action against Pope to recover a balance of $510, alleged to be due upon a promissory note executed by the Democrat Publishing Company and Pope and others, for the sum of $3,750, dated November 24, 1915, and payable to the bank on or before April 18, 1923. This note and another for $3,500 were secured by a certain collateral note for $7,250, executed on October 18, 1915, by W F. Baum and E. G. Crabbe, and payable to the Democrat Publishing Company in 14 installments, the first installment of $750, being payable one year after date, and the remaining 13, of $500 each, being payable semiannually thereafter. It was provided in the note sued on that the installments provided for in the collateral note should all be applied as collected to the payment of the $3,500, until the latter was paid (which would be on October 18, 1919), after which the installments should be applied as collected to the payment of the note here sued on. So was it also provided in the note sued on that it should be paid "in installments to correspond with" the collateral note, that is to say, in semiannual installments of $500 each, beginning at the completion of the payment by the same process of the $3,500 note. It was further provided in the note sued on that in event of default "in the payment of interest or principal, or any installment of principal, or any part thereof when due, this note upon such default being made, * * * at the option of the holder or payee hereof, shall immediately mature and become collectible." After providing for the payment of 10 per cent. attorney's fees in event the note is "matured as herein pro-

vided," or suit is brought thereon, etc., the note contained the further stipulation that "all sureties, indorsers, and guarantors hereof hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest and diligence in bringing suit against any party thereto; and they, and each of them, also agree that the time of payment may be extended from time to time by the payee or holder of this note without further notice." ·

Upon a trial before the court without a jury judgment was rendered in favor of Pope, denying the bank any recovery upon the note upon two grounds: First, that the bank's cause of action was barred by limitation; and, second, that Pope was merely a surety on the note, and the bank as holder did not exercise diligence in bringing suit after default, or in taking other steps to collect.

[1] No statement of facts accompanies the record, but the court filed rather full findings of fact, and in this state of the record we will not be permitted to presume the existence of any other fact than those so found to support the correctness of the judgment. We can look no further than the facts affirmatively found and reduced to writing by the trial court, by which alone the correctness of the conclusions of law must be tested. Kimball v. Oil Co., 100 Tex. 336, 99 S. W. 852; Ridgway v. Fort Worth (Tex. Civ. App.) 243 S. W. 740.

[2] The court found as a fact that because of default in partial payments the bank, on December 8, 1917, exercised its option to mature the entire obligation. This finding is based alone upon a letter written by the bank on said date to Pope and others obligated with him, and set out in the findings. The court held as a matter of law that in so exercising its option to mature the whole obligation the bank's cause of action at that time fully accrued, and that, as it did not institute suit until more than four years later, the cause was barred by the appropriate statute. There is some doubt as to whether or not the letter mentioned was sufficient to constitute an effective election on the part of the holder to exercise his option to mature the whole obligation; ordinarily, the exercise of such a drastic option, or remedy, should be done in a manner clear and unequivocal, so as to leave no doubt of the intention of the holder, and the letter here involved is perhaps too vague to be given the effect appellee claims for it. But it is unnecessary to decide the point, for other facts appear in the court's findings which of themselves show the option was not in fact exercised.

[3, 4] The facts embraced in the court's findings show that, although the option is claimed by Pope to have been thus exercised in September, 1917, the bank, as the holder of the note, in June, 1918, accepted the pay-

ment of all interest then accrued, as well as a small payment on the principal; on different days in February and March, 1922, it accepted 6 semiannual installments of principal, being all that appear to have been due, with accrued interest, and on April 24, and April 26, 1923, it accepted 2 more installments, with interest, which left but 1 installment, plus $10, unpaid. We think, then, that even if the bank, in its letter of December 8, 1917, did in fact elect to exercise its option to mature the note, its subsequent conduct in repeatedly accepting partial payments, of both interest and principal, without exacting any of the penalties available to it in case of declared maturity, had the effect of a waiver or abandonment of its purpose to accelerate the maturity of the obligation. The holder had the right of election as between the exercise, or nonexercise, of the option to mature the entire obligation. His intention to mature may be evidenced by declarations, but this declaration alone does not amount to an election, for, to be effective as such, it must be followed by affirmative action towards enforcing the declared intention. If there is no such affirmative action, and the parties proceed at intervals to make and accept payments in the amounts of the stipulated installments, even though this is irregularly done, as in this case, they thus reaffirm the original contract as written, and, so long as the holder withholds affirmative action, such as placing the note in the hands of attorneys for collection, or bringing suit thereon, the makers have the right to prevent such action by paying the then accrued principal and interest. For these reasons we think the court erred in holding that limitation began to run when the letter in question was written to the makers and sureties, and that for that reason the cause was barred. Moline Plow Co. v. Webb, 141 U. S. 616, 12 Sup. Ct. 100, 35 L. Ed. 879; Loan Ass'n v. Stewart, 94 Tex. 441, 61 S. W. 386, 86 Am. St. Rep. 864; Harrison v. Reigor, 64 Tex. 89; Harrington v. Chaflin, 28 Tex. Civ. App. 100, 66 S. W. 900; Bowman v. Rutter (Tex. Civ. App.) 47 S. W. 53. By the same authorities it is held that, if the accelerated maturity of the whole debt had been independently provided for, without according an option to the holder, then the rule would be different, the default provided for would ipso facto mature the whole debt, and limitation would thereupon begin to run. Wood, Lim. § 126.

[5] Upon the assumption that the right of the holder to bring suit accrued when it wrote the debtors on December 8, 1917, the court below held, and appellee contends here, that the bank did not exercise diligence in bringing the suit or otherwise taking steps to collect, by reason of which Pope, being a surety only, was released from the obligation. This contention fails, because, as we have seen, the matter of enforcing collection by suit was optional with the bank, which did not exercise the option.

Besides, as has been shown, Pope and the other obligors on the note expressly agreed to waive "diligence in bringing suit against any party to" the note now sued on, and this was effectual in relieving the holder of such diligence. Leeds v. Paint Co. (Tex. Civ. App.) 35 S. W. 77; Costin v. Burton-Lingo Co., 57 Tex. Civ. App. 634, 123 S. W. 177.

[6] It is contended that Pope wrote the bank on September 7, 1916, demanding that it bring suit upon the note, and that under the provision of article 6329, R. S., he was released when the bank failed to bring suit, as required by the succeeding articles of the statute. It is provided in article 6329, that persons bound as sureties, "when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute suit upon" the obligation. The effect of this provision is to give the surety the privilege of forcing the holder of the obligation, "when"—and therefore probably not before—the right of action accrues, to promptly proceed to suit. This privilege may be waived by the surety, as was expressly done here, and, even if the giving of notice, as was done by the surety in this case, would be effectual in the face of the waiver, the notice actually given by Pope to the bank related alone to the collateral note, and did not purport to require suit to be brought upon the note sued on.

Thus both grounds upon which the judgment is based fail because of the facts set out in the court's findings, and, as we cannot presume the existence of any other facts to support the judgment, it must be reversed, and the cause remanded for another trial.