## DANSBY v. STROUD.

### No. 1173.

Court of Civil Appeals of Texas. Waco.
April 7, 1932.

Rehearing Denied April 28, 1932.

Jos. W. Hale, of Waco, for appellant.
John Abney, of Hillsboro, for appellee.

ALEXANDER, J.

This action was brought by W. O. Stroud against B. G. Trimmier, Lee Ellison, and Chas. E. Dansby to recover on three promissory notes due January 1, 1928, 1929, and 1930, respectively. The notes were executed by Trimmier to Ellison in part payment of a tract of land in Limestone county. Ellison assigned the notes to Stroud and guaranteed the payment thereof. Trimmier afterwards conveyed the land to Dansby who assumed the payment of the notes and Dansby in turn conveyed the land to Powell, who likewise assumed the payment of the notes. Powell died, and the land was sold by the administrator of his estate, and the funds applied to the payment of a prior lien on the land. The court, upon the verdict of a jury, entered judgment in favor of Stroud against the three defendants for the amount of the last two maturing notes. Dansby appealed.

The case was tried in Hill county, and Dansby complains of the action of the court in overruling his plea of privilege to be sued in Bosque county, the county of his residence. The notes were payable in Hill county. The deed from Trimmier to Dansby recited that Dansby assumed the "notes." While Dansby did not execute any written contract by which he bound himself to pay the notes in Hill county, he accepted and recorded the deed containing such a provision, and afterwards accepted the benefits thereof by conveying the land to Powell. When a contract between two parties is thus reduced to writing and signed by one of them and accepted by the other, it becomes in contemplation of law a written contract between such parties and will be so treated by the courts of this state. Clegg v. Brannan, 111 Tex.

367, 234 S. W. 1076, par. 2; Johnson v. Tunstall (Tex. Com. App.) 25 S.W.(2d) 828, par. 3; Orbeck v. Alfei (Tex. Civ. App.) 276 S. W. 947, par. 1; McClure v. Fall (Tex. Civ. App.) 42 S.W.(2d) 821, par. 13, and cases there cited. Dansby, by assuming the payment of the notes, assumed the terms thereof and became obligated to pay the debt in Hill county according to the terms thereof, and venue was properly laid in that county. Revised Statutes, article 1995, § 5; Flatt v. Republic Insurance Co. (Tex. Civ. App.) 19 S.W. (2d) 826, sec. 4.

■■■ As before stated, the notes matured January 1, 1928, 1929, and 1930, respectively. They were not presented for payment within the time provided for in Revised Statutes, article 5937. Dansby contends that, when Powell assumed the payment of the notes, he (Dansby) occupied the position of an indorser and was released by the failure of Stroud to timely present the notes for payment as provided for in the above statute. We think the appellant is in error in assuming that his relation to the debt held by Stroud was that of an indorser. The rule seems to be that, where a party who is liable for the payment of a vendor's lien note conveys the land to a subsequent vendee who assumes the payment of the notes, as between him and his vendee, his vendee becomes primarily liable, and he becomes a surety, but as between them and the holder of the notes they are both primarily obligors. Middleton v. Nibling (Tex. Civ. App.) 142 S. W. 968, par. 3. If the holder of the notes accepts the promise of the subsequent purchaser to pay the notes, such subsequent purchaser becomes primarily liable and his vendor becomes surety. Hill v. Hoeldtke, 104 Tex. 594, 142 S. W. 871, par. 4, 40 L. R. A. (N. S.) 672; Caraway v. Fowler (Tex. Com. App.) 267 S. W. 672. In no event does such vendor's relation to the debt become that of indorser, and he therefore is not released by the failure to promptly present the notes for payment. Georges v. Fricke (Tex. Civ. App.) 283 S. W. 221, par. 5 (writ refused).

■■ After the first note became due in 1928, Dansby in writing notified Stroud to bring suit, as provided in Revised Statutes, article 6244. Stroud failed to promptly file suit, and thereafter entered into an agreement with Powell without Dansby's consent by which the first maturing note was extended to August 5, 1928. The time of payment of the other two notes was not extended. Dansby contends that Stroud, by failing to file suit at the first term of court after such notice and by entering into the extension agreement with Powell with reference to the first note, thereby released Dansby from liability on the other two notes. The rule that a surety is released by an unauthorized extension agreement between the principal obligor and the payee grows out of the doctrine that such parties ought not to be permitted to so change the original obligation as to alter the surety's rights or impose greater burdens on him. When the obligation matures, the surety has the right to demand that suit be brought at once or to pay the debt and to proceed immediately to enforce payment by the principal obligor. If the extension agreement as made in this case had the effect of depriving Dansby of either of these rights as to the last maturing notes, then he was released therefrom, otherwise he was not. While the lien securing the payment of the debt was retained in the one deed from Trimmier to Ellison, the debt was evidenced by three separate notes. We do not think that the notes can be construed as a single obligation, but must be considered as three separate obligations. The failure to pay one of the notes at its maturity did not necessarily mature all of them. The notes provided for accelerated maturity only in the event the holder thereof so elected. When the first note matured, Dansby's right to require that suit be brought thereon, or to pay such note and enforce immediate payment thereof against Powell, accrued; but Dansby could not compel Stroud to declare the other notes due, nor require him to either file suit thereon or to transfer them to Dansby. Stroud alone had the option of determining whether his money as evidenced by the other two notes should remain invested as it was. He did not elect to declare such notes due. The extension of the first note deprived Dansby of the right to compel Powell to pay the same at once, and therefore affected a release of Dansby therefrom; but it in no wise altered Dansby's right in or liability on the other two notes, and therefore did not release him therefrom. If Dansby had paid the first note and in turn had collected the same from Powell, he would have remained liable to Stroud on the other two notes. The trial court released Dansby from liability on the first note. This was all of the relief to which he was entitled. Owings v. McKenzie, 133 Mo. 323, 33 S. W. 802, 40 L. R. A. 154; Cooper Rubber Co. v. Johnson, 133 Tenn. 562, 182 S. W. 593, L. R. A. 1917A, 282; Harrington v. Claflin, 28 Tex. Civ. App. 100, 66 S. W. 898 (writ ref.).; City National Bank v. Pope (Tex. Civ. App.) 260 S. W. 903; Drinkard v. Jenkins (Tex. Civ. App.) 207 S. W. 353; Caraway v. Fowler (Tex. Com. App.) 267 S. W. 672; 50 C. J. 135, § 223.

■ In an effort to prove that Stroud, by agreement with Powell, extended the time of payment of all three of the notes without Dansby's consent, Dansby offered to testify that shortly after the first note matured Powell told Dansby that Stroud had agreed with him to extend the time of payment of all of the notes. The court excluded the evi-

dence on the ground that it was hearsay. At the time of the trial Powell was dead, and the appellant insists that the declaration by Powell was against his interest, and, since evidence establishing the alleged contract between Powell and Stroud could not be secured from any other source, such testimony does not come within the hearsay rule. This declaration by Powell was not against his interest. The statement alleged to have been made by him was to the effect that he had succeeded in making a contract with Stroud by which the debt which Powell had assumed had been extended. We may assume that such a contract, if made, was beneficial to Powell, otherwise he would not have made it. The statement certainly was not against his interest. 17 Tex. Jur. 543, § 224; Addison v. Ball (Tex. Civ. App.) 262 S. W. 877, par. 7. The testimony offered was hearsay and inadmissible, and the fact that the declarer was dead did not change the rule. Warren v. Humphreys (Tex. Civ. App.) 274 S. W. 250, par. 3; Illinois Bankers' Life Ass'n v. Dodson (Tex. Civ. App.) 189 S. W. 992; 17 Tex. Jur. 537, § 220; 22 C. J. 216, § 179.

As previously stated, Powell died and Ellison was appointed administrator of his estate. The land incumbered by the lien in question was sold through the probate court. Stroud bought the land in at approximately the amount of a prior lien thereon. The appellant attempted to show that Ellison was the agent of Stroud in taking out administration on Powell's estate and in acting as administrator in the sale of the property, and that Ellison and Stroud conspired together to enable Stroud to purchase the property at less than its value, and that the land did not bring its full value. At the conclusion of the evidence, the appellant requested and the court refused issues inquiring whether Ellison was the agent of Stroud in the administration of said estate and whether, by the exercise of due diligence by said administrator, the land would have brought enough to have paid the debt in question. We do not think the court erred in refusing such issues. There was no evidence of a conspiracy between Stroud and the administrator, nor that the administrator was the agent of Stroud, nor was there any evidence that the estate had not been properly handled. Moreover, the sale was had through and was approved by the probate court. Dansby had actual notice of the sale. The probate proceeding was an action in rem in a court of record, and its judgment became binding on the appellant unless set aside by a direct attack. This proceeding was a collateral and not a direct attack. The judgment of the probate court was res adjudicata of the question sought to be raised by the issue tendered. Crawford v. McDonald, 88 Tex. 626, 33 S. W.

325; Reeves v. Fuqua (Tex. Civ. App.) 277 S. W. 418.

We have considered other assignments, and same are overruled.

The judgment of the trial court is affirmed.