CRUMLEY v. RAMSEY et al.

No. 1716.

Court of Civil Appeals of Texas. Waco.

April 9, 1936.

Rehearing Denied April 23, 1936.

192

Burgess, Chrestman & Brundridge and O. A. Fountain, all of Dallas, for appellant.

J. C. Lumpkins, of Waxahachie, for appellees.

ALEXANDER, Justice.

Mrs. F. T. Crumley, a widow, brought this suit against A. J. Ramsey and wife, Lydia Ramsey, and J. H. Saunders and wife, Anne Ramsey Saunders, to recover the balance due on a promissory note executed by Ramsey and wife and to foreclose a mechanic's lien on certain property now owned by Mrs. Saunders. A. J. Ramsey died during the pendency of the suit, and the plaintiff dismissed as to him. Mrs. Lydia Ramsey defaulted, and the defendants J. H. Saunders and wife pleaded the four-year statute of limitation. The trial court in a trial without a jury entered a personal judgment against Mrs. Ramsey for the debt, but found that plaintiff's cause of action for foreclosure of the lien was barred by limitation, and consequently refused plaintiff a right to foreclose the lien on the land. Plaintiff appealed.

The original note for $4,200, which was secured by a mechanic's lien on the property here involved, was executed by A. J. Ramsey and wife on September 8, 1919, payable to Ennis Lumber Company in monthly installments, and contained the following material provisions:

"For value received in monthly installments after date, I, we, or either of us promise to pay to the order of Ennis Lumber Company, at Ennis, Texas, the principal sum of forty two hundred dollars, in the following manner, to-wit:— Fifty dollars on or before the 1st day of November, 1919, and a like amount on or before the 1st day of each and every consecutive month thereafter until fully paid, with 8% interest per annum from October 1st, 1919, the interest on the whole unpaid amount hereof being due and payable monthly on the 1st day of each and every month thereafter.

"If default be made in the prompt payment of any six of said monthly install-ments together with the accumulated interest thereon, at the maturity thereof, then it is expressly agreed and understood, that the entire amount of this note and all interest and charges thereon, shall become immediately due, and the lien this day given by us on the hereinafter described property shall be immediately enforceable. * * *

" * * * It is further especially agreed, that only the sum of $50.00 shall be due and payable each month on the principal and interest of this note, that is to say, out of said $50.00 monthly payment, the monthly interest payment shall first be deducted and the remainder applied to the principal amount hereof."

Said note was afterwards assigned by the payee to plaintiff, and the land was, on October 20, 1927, conveyed by Ramsey and wife to their daughter, Anne Ramsey Saunders, one of the defendants herein, "subject to the existing outstanding indebtedness." The statement of facts contains the following agreement: "It is agreed as a fact, that if the credits made on the note sued on were shown in full, they would show that all installments maturing in July, 1926, and each month thereafter until the month of July, 1927, were not paid, except that the interest amount of each installment in the sum of $13.66 was paid on each installment for the months of June, 1926, to and including July, 1927; and that in August, 1927, the payments of installments were resumed, and continued to the month of October, 1932, but in a reduced amount."

It is not contended that the indebtedness here sued for has ever been paid, but it is contended that, because Mrs. Crumley indulged the debtors and allowed them to pay only the interest portion of the installments as they accrued during the months from July, 1926 to July, 1927, the entire indebtedness thereby automatically became due, and has now become barred by limitation, and that by reason thereof plaintiff has lost her right to foreclose the mechanic's lien on the building constructed with the money borrowed from her.

In our opinion, there was no such default in the payment of the monthly installments provided for in the note as to mature the entire indebtedness under the above-quoted automatic acceleration clause. In the beginning, it should be noted that a contract to thus accelerate the maturity of a debt gives a remedy that is harsh in its

nature, and provision therefor, in order to be effective, should be clear and unequivocal; and, if there is a reasonable doubt as to the meaning of the terms employed, preference should be given to that construction which will avoid the forfeiture and prevent acceleration of the maturity of the debt. 6 Tex.Jur. 686, § 80; City Nat. Bank v. Pope (Tex.Civ.App.) 260 S. W. 903; Parker v. Mazur (Tex.Civ.App.) 13 S.W.(2d) 174; 19 Tex.Jur. 799, § 4. An examination of the note sued on will disclose that the interest thereon was payable monthly and that out of each monthly payment of $50 the accrued interest was to be paid first and the balance was to be applied to the discharge of the principal. The acceleration clause provided that the entire indebtedness was to become due ipso facto if default should be made in the payment of any six of said installments, together with the accumulated interest thereon. It was not provided that the maturity of the debt was to be accelerated in the event of a failure to pay the principal portion of six installments or a failure to pay the interest portion thereof; but only in the event of a failure to pay the accumulated interest as well as the principal portion of six installments. It is not like a contract which requires two or more affirmative acts in order to keep it in force, in which event the performance of one of them would be ineffectual; but it is a case in which some of the terms of the contract are to become effective only in the event of default in or the failure to do several things, in which event there must be a failure to do all such things in order to invoke the benefit of such terms. Here the contract required a default in the payment of both the principal and interest of six monthly installments in order to effect an acceleration of the maturity of the entire indebtedness. According to the agreed statement of facts, there was a default in the payment of the principal portion of six installments, but no default in the payment of interest. Hence there was no such default as to mature the entire indebtedness.

In the absence of acceleration of the maturity of the debt under the acceleration clause, the last installment did not mature until May, 1930, which was less than four years prior to the filing of this suit. Under these circumstances, no part of the debt was barred by limitation. Rev.St. art. 5520, as amended (Vernon's Ann.Civ.St. art. 5520); Citizens' National Bank v. Graham, 117 Tex. 357, 4 S.W.(2d) 541; H. J. McMullen & Co. v. Hammann (Tex. Civ.App.) 34 S.W.(2d) 909; Hammann v. H. J. McMullen & Co., 122 Tex. 476, 62 S.W.(2d) 59.

That part of the judgment denying the plaintiff a judgment against all defendants for a foreclosure of the lien on the property in question is reversed, and judgment is here rendered in favor of the plaintiff for such foreclosure. The judgment of the trial court in all other respects is affirmed.