**INDUSTRIAL INV. CO. v. VONDERSMITH et al.**

No. 3095.

Court of Civil Appeals of Texas. Beaumont.

April 16, 1937.

Rehearing Denied April 28, 1937.

McNeill & McNeill, of Beaumont, for appellant.

Pipkin & Pipkin, of Beaumont, for appellees.

WALKER, Chief Justice.

On the 26th day of June, 1929, the Standard Office Supply Company, a corporation, executed to appellant, Industrial Investment Company, its promissory note in the principal sum of $4,300, payable in monthly installments of $100 each, beginning on the 26th day of July, 1929, with interest at the rate of 10 per cent. per annum from September 26, 1929, payable quarterly. Appellees, G. P. Vondersmith, Roy Sturrock, and A. H. Williams, joined in the execution of

this note by executing the following guaranty, indorsed on the note as a part thereof: "We, the undersigned endorsers, hereby guarantee prompt payment of installments on the within note when and as they mature, and acknowledge our full responsibility as set forth on the reverse side hereof." This note contained the two following provisions, giving appellant the right, at its option, to accelerate the maturity of the note:

(1) "Failure to pay any installment of this note when due shall render, at the option of the holder thereof, all remaining installments at once due and exigible without any putting in default."

(2) "In the event of the death, insolvency, act of bankruptcy, or any bankruptcy proceedings by or against, application for respite or receiver by or against any party to this note, in any capacity, this note shall immediately mature and be exigible, at the option of the said holder, or any future holder of this note, without notice or demand, any agreement or extension notwithstanding."

On the 23d day of July, 1929, before it had made any payments upon its note to appellant, the Standard Office Supply Company was duly adjudged a bankrupt, and appellant, through its president, J. R. Edmonds, prepared, verified, and filed in bankruptcy, on the 12th day of August, 1929, its note against the bankrupt by the following claim:

"In the District Court of the United States for the Eastern District of Texas

"In the Matter of Standard Office Supply Co., Bankrupt. In Bankruptcy

"State of Texas, County of Jefferson

"At Beaumont, in said County and State, on the 12th day of August, A. D. 1929, came J. R. Edmonds, President of the Industrial Investment Co. and made oath and says:

"That the above named bankrupt, the person by or against whom a petition for adjudication in bankruptcy has been filed, was at and before the filing of said petition, and is still, justly and truly indebted to Industrial Investment Co. in the sum of Forty-Four Hundred and Fifty and no/100 ($4450.00) Dollars, and that the nature and consideration of said debt is as follows:

"One certain promissory note for the sum of $4300.00 dated June 26th, 1929 and being a renewal of an original note for $4700.00 dated Feb. 26th, 1929 and due June, 26th, 1929.

"One certain promissory note for $150.00 dated June 19th, 1929 and payable August 19th, 1929, and secured by the assignment of certain commissions due the Standard Office Supply Co. by Durabuilt Steel Locker Co. amounting to $208.50.

"That no part of said debt has been paid, that there are no set-offs or counter claims to the same, and that claimant has not, nor has any person by his order, or to the knowledge or belief of said deponent, for claimant's use, had or received any manner of security for said debt whatever. That no judgment has been rendered on said debt, nor has any note been received for such account, except as herein shown.

"Offset on first item of $11.00 due S. O. S. Co. by Industrial Investment Co. for merchandise.

"Offset second item by the assigned commissions less freight and drayage and labor setting up cabinets when they arrive for delivery.

"Industrial Inv. Co.

"[Signed] By: J. R. Edmonds, Pres.

"Creditor.

"Subscribed and sworn to before me this the 12 day of August, A. D. 1929. [Signed] W. T. McNeill, Notary Public, Jefferson County, State of Texas. [Seal.]"

Indorsed: "In the Matter of Standard Office Supply Company, Bankrupt. Proof of Claim and Power of Attorney. Claim of Industrial Investment Co. Address 200 V. Wiess Bldg., Amount $4439.00 Filed Aug 15, 1929, S. B. Cooper, Referee."

Through the bankrupt proceedings, appellant received dividends on its note in the amount of $618.75.

This suit was filed by appellant against appellees as indorsers and guarantors on its note against the Standard Office Supply Company, pleading all the facts detailed above, praying for judgment against appellees for the balance due on its note, principal, interest, and attorney's fees. Appellees answered by demurrers, general and special, general denial, and by the following special plea: "And for further answer herein, these defendants and each of them, without waiver of the above and foregoing pleas would respectfully show unto the court that the plaintiff's cause of action, if any, arose and accrued more than four years prior to the day plaintiff's said suit was filed against them. That the plaintiff filed with the Bankruptcy Court on August 12, 1929 claim for the full amount of said note of Forty Three Hundred Dollars ($4300.00) with the statement and allegation that same was then

due and payable and that by reason of such declaration and the fact that the original maker on said note was then insolvent, plaintiff's cause of action for the full amount of said note then and there became due and accrued as against these defendants and each of them. That by reason thereof said cause of action, if any, is barred by the Texas Four Year Statute of Limitation, which these defendants and each of them now specially plead and ask that the court sustain the same and dismiss plaintiff's suit."

On trial to the court without a jury, in addition to the facts detailed above, Mr. Edmonds, appellant's president, testified as follows in relation to the note:

"Q. Did your company or you ever declare the balance of the note due under the provisions of the accelerating clause in the note? A. No.

"Mr. Pipkin: I object to that as being a conclusion of the witness. I think he can state what the fact is, but whether or not he accelerated a note is a question of law, I think, under the facts.

"The Court: He can testify he did not. You can cross-examine him about it."

## Opinion.

■■■ Appellees contend that the institution of the bankrupt proceedings against Standard Office Supply Company, under the provisions of the note in issue, "ipso facto" matured all future payments on the note. In support of that contention they cite City of Fort Worth v. Rosen, 228 S. W. 933, 935, where the Supreme Court said: "The effect of a provision in a series of installment notes that a failure to pay any installment when due shall mature all deferred payments is fully discussed and authoritatively determined in San Antonio, etc., Association v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 864. It is there held that under such a provision the debt matures upon default in payment, and matures all the installments without reference to the intention of the holder, and that limitation begins to run from the date of the maturity of the installment thus permitted to pass maturity by virtue of the accelerating clause. The same doctrine is announced in Heirs of Rogers v. Watson, 81 Tex. 400, 17 S.W. 29." See, also, San Antonio Real Estate, Building & Loan Ass'n v. Stewart, 94 Tex. 441, 61 S.W. 386, 86 Am.St.Rep. 864. The cases cited do not support appellees' construction of the conditions of the note in issue. Every contingency in the note providing for its acceleration was "at the option of the holder thereof." It follows that the bankruptcy proceedings against Standard Office Supply Company did not, by the express language of the note, mature any of the future installments.

Appellees make a second contention that appellant, as a matter of law, and that without regard to its "intention," matured all future payments on its note by the simple act of filing it in bankruptcy, claiming the full amount of the note against the bankrupt estate. This contention is also without merit. The accelerating clause in a note is for the benefit of the holder and, when "at his option," he alone can invoke its provisions. Dansby v. Stroud (Tex.Civ.App.) 48 S.W.(2d) 1018. This option to mature future installments has been defined as "an election" on the part of the holder. Stewart v. Thomas (Tex.Civ.App.) 179 S.W. 886; Dieter v. Bowers, 37 Tex.Civ.App. 615, 84 S.W. 847. This option or election to accelerate the maturity must be exercised by the holder in a manner to evidence an intention by him to effect that result, City National Bank v. Pope (Tex.Civ.App.) 260 S.W. 903; such as by filing suit on the note after the maturity of one or more installments. Luzenberg v. Bexar Building & Loan Ass'n, 9 Tex.Civ.App. 261, 29 S.W. 237; Derrick v. Smith (Tex.Civ. App.) 148 S.W. 1173; Rowe v. Daugherty (Tex.Civ.App.) 196 S.W. 240. In this case, by filing its claim in bankruptcy, appellant made no demand upon appellees for the payment of the future installments; they were in no way made a party to the bankrupt proceedings; in its claim, as filed in bankruptcy, appellant used no language manifesting an intention to mature the future installments; on the contrary, its president testified that, by the mere act of filing the claim, it was not its intention to mature the future installments. So, acceleration cannot be predicated on the "intent" of appellant in filing the claim in bankruptcy.

It was held by our Supreme Court in Robinson v. First Nat. Bank, 98 Tex. 184, 82 S.W. 505, 508, that the filing of a note in bankrupt proceedings against one of the makers did not affect the liability of the other maker; the court said: "As we think, the fact that the bank proved up its claim against Saxon and Pierce in the bankrupt court did not affect the liability of Robinson and Hoskins, and the court

556

might properly have so instructed the jury without qualification." See, also, Paggi v. Rose Mfg. Co. (Tex.Civ.App.) 285 S.W. 852; Love v. McGill, 41 Tex.Civ.App. 471, 91 S.W. 246; 7 C.J. 337. Since the mere filing of the claim in bankruptcy "did not affect the liability" of appellees, it did not mature against them the future installments on the note; such a construction of the *filing* of the claim would affect appellees' liability by accelerating the payment of their debt.

█ The claim was filed not only for appellant's protection, but also for the protection of appellees. In law, appellant owed appellees, accommodation indorsers on its note, the duty to file the note in the bankruptcy proceedings. In Second Nat. Bank v. Prewett, 117 Tenn. 1, 96 S.W. 334, 336, 9 L.R.A.(N.S.) 581, 119 Am.St. Rep. 987, a Tennessee case, the principal on the note in issue was adjudged a bankrupt; the holder of the note failed to file his claim in the bankruptcy proceedings; in his suit against the indorsers, it was said: "The extent of the injury suffered by the indorsers through this failure [failure to file claim in bankruptcy] is measured by the amount that would have been realized by the bank if it had filed the claim, and which was lost by not filing it. For this injury the bank must account in the abatement of its demand." That case was cited with approval in Dundee Nat. Bank v. Strowbridge (Sup.) 184 N.Y.S. 257, 264, where the court said: "Nor does the fact that the plaintiff bank proved its claim against the bankrupt estate and received a dividend, which it has credited upon the notes, in any way relieve Mrs. Strowbridge from liability for the balance of the debt remaining unpaid. It was held by the Supreme Court of Tennessee in a similar case that there was a duty on the creditor to prove his claim. Second National Bank v. Prewett, 117 Tenn. 1, 96 S. W. 334, 9 L.R.A.(N.S.) 581, 119 Am.St. Rep. 987." Of course, appellant cannot be prejudiced by an act required of him by law—the filing in bankruptcy of the claim for the full amount of his note. For the reasons stated, it follows, beyond controversy, that the mere *filing* of the claim did not accelerate the payments of the note in issue.

The parties to the note in issue contracted with respect to the acceleration of the future payments; it was their contract that these payments should be accelerated only at the option of the holder. We know of no provision of law compelling the courts to read into this note an absolute condition, accelerating the future payments as against the express intention of the parties in its execution.

The judgment of the lower court in favor of appellees should be reversed, and judgment here rendered against them in favor of appellant for all the relief prayed for, and it is accordingly so ordered.

Reversed and rendered.