## SMITH et ux. v. NATIONAL BOND & MORTGAGE CORPORATION et al.

### No. 11180.

Court of Civil Appeals of Texas. Galveston.
April 17, 1941.

J. S. Bracewell and J. Searcy Bracewell, Jr., both of Houston, for appellants.

T. E. Richards, Jr., and Edward S. Boyles, both of Houston, for appellees.

GRAVES, Justice.

This is the second appeal to this court in this cause; formerly it was here under the style of National Debenture Corporation et al. v. Smith et ux., 132 S.W.2d 429. It grew out of three notes of which No. 1 for $2,250 was the principal one given by Smith and wife to the National Bond and Mortgage Corporation on August 28, 1928, all of which were secured by a deed of trust in its favor upon Lots 1 and 2 in Block 20, of the Swiney Addition to the City of Houston, which property the Smiths claimed as their homestead; Smith and wife in that cause sued the Michigan Realty Company and the National Debenture Corporation, as successors in claims to such indebtedness and security, in tresspass to try title for that property, with alternative counts, setting up usury against the debt claimed to be evidenced thereby, and alleging that the $2,250 note—because of having been accelerated for payment more than four years before the filing of that suit—had been at the date of such filing barred by the 4-year statute of limitations. Vernon's Ann.Civ.St. art. 5527.

This court, in disposing of that appeal, thus described the basis for the judgment of the trial court there challenged: "In response to special issues the jury found that the original trustee, J. Lewis Thompson, Jr., declared the entire amount of Note No. 1 to be due in the year 1932. The other findings of the jury convicted the loan of being usurious. If the note really matured in 1932, then it was barred in 1937, when the foreclosure was had. The court therefore rendered judgment awarding title and possession of the property to appellees free and clear of the debt evidenced by note No. 1, and the liens securing its payment. And defendants, National Bond & Mortgage Corporation and the Baltimore National Bank, were dismissed from the suit at appellees' costs. From this judgment Michigan Realty Company and National Debenture Corporation have appealed."

See 132 S.W.2d 429, 430, 431.

This court reversed that judgment so rendered in favor of the appellants therein, Michigan Realty Company and National Debenture Corporation, upon a principle finding and holding, to the effect that the $2,250 note had not been shown to then be so barred, because the evidence in that record failed to sustain the jury's finding that its maturity had been accelerated in 1932, or more than 4 years before the filing of that suit.

The present appeal comes from a judgment of the 127th District Court of Harris County, entered May 7, 1940, on a verdict returned by the jury against the Smiths for the title to and possession of the same property, in favor of the appellee, Michigan Realty Company, in response to a peremptory instruction to that effect from the court; it was further subsidiarily decreed that the cross-action, therein filed by the National Debenture Corporation, had become immaterial, hence was superseded by the decree for title, so vested in the Realty Company.

So that Smith and wife have become the appellants against the Michigan Realty Company and the National Debenture Corporation, as the appellees, on this appeal.

Upon examination of the present record, inclusive of the statement of facts, it is concluded that the peremptory instruction, so accorded appellee Realty Company, is fully supported by the evidence, and should be sustained.

Appellants, through able counsel, as they did before, went through a return engagement with their present holders of the in-

debtedness upon the $2,250 note, which has thus formed the basic subject matter of the controversy through both trials and appeals, over whether or not that note had been so barred by limitation at the time the appellants' suit herein was originally filed below; which contention depends, in turn, upon whether the evidence they adduced this time showed the maturity of the note to have been accelerated in 1932, thereby making null and void the National Debenture Corporation's sale of the property under the deed of trust so securing it, which occurred on July 6, 1937.

Indeed, the gist of appellants' controlling contentions is thought to be embodied in these two presentments in their brief:

"First, that the trustee's deed is void because: (1) the notices of the sale were not posted by the trustee acting, or by a person directly chosen by the trustee acting; (2) that such notices (although properly prepared) were invalid because the trustee had his name stamped thereon instead of signing it himself; and (3) because the trustee did not, with his own hands, type up the notices, and (4) did not direct the time (the hour and minute) the notices were to be posted or the exact places that they should be posted; and,

"Second, the note was barred by the four-year statute of Limitation at time of foreclosure, and therefore the trustee's sale did not pass title—or, that there was a jury question raised on limitation."

In so concreting their protest against the present judgment, appellants do not claim that they have ever paid up this indebtedness (rather, they practically admit their having made total default therein some ten years ago); but they still insist, as they did before, that the deed of trust sale for that indebtedness by its holders on July 6 of 1937 was invalid, then, because, first, the contractual provisions in that instrument as to how the sale should be conducted were not substantially carried out at that sale, and, second, because the sale was belated by more than 4 years, after the owners had declared the debt itself due.

This court finds, first, neither any substantial departure from the provisions of the trust deed in the conduct of the sale under it, nor, second, any sufficient evidence adduced by appellants to make a jury issue over whether or not the maturity of the $2,250 note had been so accelerated back in 1932.

On the contrary, if the note itself and its supporting deed of trust be construed together, as it is held should be done, the implications of the two together make it plain that either or both the owner and holder of the note, on the one hand, or the trustee or substitute trustee under the deed of trust, upon the other, had the right of acceleration of such maturity at their option; but they were not bound to exercise it, nor were any of them shown by acts to have done so.

The former decision of this court, through Justice Cody, made very clear its holding that the record then involved contained no such acts toward enforcing an expressed intention—if any had been shown—to accelerate that amounted to any such result in law, and the present record has not cured that deficiency; on the contrary, it consists only of the testimony of the appellants themselves, and none of it raises a jury issue over whether or not the holders of this indebtedness did any affirmative thing whatever looking toward an execution of any proven declaration of theirs to mature the debt; as was before held, Mr. Smith's testimony, in effect, that he understood Kelly and James—two collectors for the holders of the indebtedness at issue— were wanting all their money, in no manner constituted the requisite proof in this request. Chandler et ux. v. Guaranty Mortgage Company, Tex.Civ.App., 89 S.W. 2d 250, writ dismissed; City National Bank of Corpus Christi v. Pope, Tex.Civ. App., 260 S.W. 903; Commercial Standard Insurance Company v. Lewallen, Tex.Civ. App., 46 S.W.2d 355, 356; Crumley v. Ramsey et al., Tex.Civ.App., 93 S.W.2d 191, writ refused; Drinkard v. Jenkins et ux., Tex.Civ.App., 207 S.W. 353, writ dismissed; Industrial Investment Co. v. Vondersmith, Tex.Civ.App., 104 S.W.2d 553; Manes et al. v. Bletsch, Tex.Civ.App., 239 S.W. 307; National Debenture Corporation v. Smith, Tex.Civ.App., 132 S.W.2d 429; Parker et al. v. Mazur, Tex.Civ.App., 13 S.W.2d 174, writ dismissed; 6 Tex.Jur. page 686, par. 80; 19 Tex.Jur. page 799, par. 4.

As concerns the steps taken with reference to notice and other procedural requirements attending the challenged deed of trust sale of July 6, 1937, the provisions of the instrument itself, together with the testimony of the witnesses, E. F. Kelly, substitute trustee, Lester O. Weison, of the Stewart Title Guaranty Company,

and Carloss Morris, the three men who handled the proceedings, conclusively show it to have been in accordance with the law, as applicable to power by contract so conferred.

The most material provisions of it were these:

"First, giving at least twenty-one days notice of the time, place and terms of sale, by publicly advertising same by posting or causing to be posted written or printed notices thereof at three public places in said county selected by the trustee acting or by a person chosen by it, one of which public places shall be * * *

"It is expressly agreed that the recitals in any conveyance made to any purchaser by the trustee or any substitute trustee shall be full evidence of the matters therein stated, and no other proof shall be requisite of request by the holders of said indebtedness on the trustee to enforce this trust, or of the amount of the indebtedness for which the sale is made, or of the advertisement or sale on any particulars thereof, or of the removal of the trustee or substitute trustee, and of the appointment of a substitute trustee as herein provided; and all prerequisites to said sale shall be conclusively presumed to have been performed, and the sale made under the powers herein granted shall be a perpetual bar against Grantors, their heirs and assigns."

While the trustee's deed, given in effectuation of the sale so directed, contained these recitals: "I, having been requested by all the holders of said indebtedness to declare the same at once due and payable and proceed to enforce said deed of trust, did, in pursuance of said request, declare the entire indebtedness at once due and payable and thereafter did on the 6th day of July, 1937, (that being the first Tuesday in said month), and after all prerequisites having been complied with, offer said property for sale before the courthouse door of Harris County, Texas, in the City of Houston, Texas, between the hours of 10:00 o'clock A. M. and 4:00 o'clock P.M. of that day, at public auction to the highest bidder, for cash, after having given notice of the time, place and terms of said sale by posting notice thereof at three public places in the County of Harris, Texas, one of which was at the courthouse door of Harris County, Texas, for more than twenty-one (21) days successively next before the day of said sale, and after I had complied with all terms and requisites of said deed of trust authorizing sale, and at such sale said property was struck off by me to Michigan Realty Company."

It further appeared that E. F. Kelly, as such substitute trustee, requested Weison, who was acting for the Stewart Title Company in the matter, to prepare the notices, place Kelly's name thereon, and have them properly posted; that Weison, pursuant to these instructions, prepared the notices, put Kelly's name thereon at his request, and then gave them to Carloss Morris, with instructions to Morris to post them, as well as where to post them; finally, that each of these functionaries, in turn, carried out his part of the process looking to a laying of the predicate for the sale that was—pursuant thereto—so conducted on July 6th of 1937.

■ As this court understands them, this procedure complied in all essential respects with the statutes and decisions of this State, controlling such a sale under a trust deed, with the quoted provisions in it. Vernon's Tex.Civ.Statutes, Art. 3810; James et al. v. Davis, 150 S.W.2d 326, at page 332, pars. 4 and 5, opinion by this court of April 10, 1941, and cited authorities; Adams v. Zellner, 107 Tex. 653, 183 S.W. 1143; Ellis et ux. v. Michigan Realty Company et al., Tex.Civ.App., 138 S.W.2d 880, writ refused; Natali v. Witthaus, 134 Tex. 513, 135 S.W.2d 969; Roe v. Davis, 106 Tex. 537, 172 S.W. 708; Smith v. San Antonio Joint Stock Land Bank et al., Tex.Civ.App., 130 S.W.2d 1070; Wilson v. Armstrong, Tex.Civ.App., 236 S.W. 755.

■ Finally had appellants' note and deed of trust been given to secure a usurious contract debt, as they subsidiarily claim, the trustee's sale to enforce the trust, together with his deed pursuant thereto, passed good title to the purchaser; this, especially because, after the notice had been given them as the mortgagors of the impending sale, they neither paid nor tendered the amount then legally due on their debt. Hemphill v. Watson, 60 Tex. 679; Groesbeek v. Crow, 85 Tex. 200, 20 S.W. 49; Rosborough v. Picton, 12 Tex. Civ.App. 113, 34 S.W. 791; Openshaw v. Dean, 59 Tex.Civ.App. 498, 125 S.W. 989, 991; State Mortg. Corp. v. Ludwig, 121 Tex. 268, 48 S.W.2d 950, last part of Paragraph 6; Texas Co. v. Tucker, Tex. Civ.App., 129 S.W.2d 762, error refused; Benson v. Mangum, Tex.Civ.App., 117

S.W.2d 169, error refused; Barnhart v. San Antonio Joint Stock Land Bank et al., Tex.Civ.App., 124 S.W.2d 207; 42 Tex.Jur. p. 941.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal, without the necessity of going more specifically into other questions in the briefs.

It will be so ordered.

Affirmed.